Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Sandoval, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Purple Passion Home Care, LLC, an Arizona Limited Liability Company, Yvonne Hooker and Kenneth Hooker, husband and wife, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Jessica Sandoval ("Plaintiff" or "Ms. Sandoval"), by and through undersigned counsel, for her Complaint against Purple Passion Home Care, LLC, Yvonne Hooker, and Kenneth Hooker ("Defendants") states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Jessica Sandoval is an individual residing in Maricopa County, Arizona.

2. Upon information and belief, Purple Passion Home Care, LLC is an Arizona Limited Liability Company which is conducting regular and continuous business in Maricopa County, Arizona.

3. Upon information and belief, Yvonne Hooker and Kenneth Hooker are husband and wife residing and conducting regular and continuous business in Maricopa County, Arizona.

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as a result of Defendants' failure to pay Plaintiff overtime compensation for weeks in which Plaintiff worked over 40 hours.

5. This Court's jurisdiction over this matter is conferred under 29 U.S.C. § 1331 since this matter arises under a federal statute.

6. Defendants caused the events and actions complained of herein to occur in Maricopa County, Arizona.

7. Venue is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff in Maricopa County, Arizona and all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona.

**FACTS COMMON TO ALL COUNTS**

8. Upon information and belief, Yvonne Hooker and Kenneth Hooker own, at least in part, Purple Passion Home Care, LLC.

9. Purple Passion Home Care, LLC is an institution that employs individuals to provide home care and related services to its clients.

10. Purple Passion Home Care has employed Plaintiff to work as a home care provider since June or July of 2011.

11. As an employee of Purple Passion Home Care, Plaintiff was a domestic service employee.

12. Plaintiff assisted one of Defendants' clients with activities of life, including transferring, cooking, toileting, bathing, dressing, grooming, and distribution of medication.

13. Plaintiff also previously performed general household work unrelated to her care of the client for more than 20 percent of the total weekly hours she worked.

14. Plaintiff performs medically related services typically performed by trained personnel.

15. Plaintiff is not exempt from the overtime requirements of the FLSA.

16. At all times relevant, Defendant Purple Passion Home Care was an enterprise engaged in commerce or in the production of goods for commerce because it is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution under 29 U.S.C. § 203(s).

17. Additionally, upon information and belief, at all relevant times, Defendant Purple Passion Home Care, LLC had annual gross revenue of at least $500,000, and was, and continues to be, engaged in interstate commerce as defined by the FLSA. Upon information and belief, Defendant Purple Passion Home Care performed interstate billing transactions, and its employees utilized articles in its business that moved within interstate commerce.

18. Defendant Purple Passion Home Care, LLC is an employer within the meaning of 29 U.S.C. § 203(d), and Plaintiff was its "employee" within the meaning of 29 U.S.C. § 203(e)(1).

19. Defendant Yvonne Hooker is a Manager of Purple Passion Home Care, LLC. In her capacity as owner and Manager of Purple Passion Home Care, LLC Defendant Yvonne Hooker exercised significant economic control over Purple Passion Home Care, LLC, participated in the decision not to pay Plaintiff overtime compensation, and was acting directly or at least indirectly in the interest of the employer Purple Passion Home Care, LLC. In this regard, Yvonne Hooker is also an employer under the FLSA.

20. Defendant Kenneth Hooker is a Manager of Purple Passion Home Care, LLC. In his capacity as owner and Manager of Purple Passion Home Care, LLC Defendant Kenneth Hooker exercised significant economic control over Purple Passion Home Care, LLC, participated in the decision not to pay Plaintiff overtime compensation, and was acting directly or at least indirectly in the interest of the employer Purple Passion Home Care, LLC. In this regard, Kenneth Hooker is also an employer under the FLSA.

21. Plaintiff continually worked in excess of 40 hours per week for Defendants with the only exception being a few times where she took vacation.

22. In June of 2014, Defendant Purple Passion Home Care, with its owners knowledge and participation, sent a memorandum to its employees acknowledging that it knew it owed overtime payments to its caregivers and employees such as Plaintiff for their hours worked over 40 per week.

23. Despite such knowledge and in reckless and willful violation of the FLSA, Defendants failed to pay Plaintiff one and a half times her regular rate of pay for hours she worked over 40 in a week. This violates the FLSA, 29 U.S.C. § 207(a)(1).

24. Rather, until March 27, 2016, Defendants usually paid Plaintiff a flat rate of $239 or $227 per 24-hour shift, without regard to overtime or hours worked over 40.

## COUNT I – Violation of FLSA (All Defendants)

25. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

26. As more fully set forth above, Defendants were Plaintiff's employers under 29 U.S.C. § 203(d) and Plaintiff served as their employee until present.

27. Section §207 of the FLSA provides in relevant part:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

28. Section 216(b) of the FLSA provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

U.S.C. § 216(b).

29. Based on the foregoing, Plaintiff is entitled to be paid one and one-half times of her regular hourly rate of pay for each hour she worked in excess of 40 hours per workweek.

30. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiff for those hours.

31. Defendants' violations of the FLSA were knowing, willful, and reckless as Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

32. Plaintiff has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

33. As a result of Defendants' unlawful acts, Plaintiff is entitled to the recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendants as follows:

a. An Order declaring that Defendants violated the FLSA;
b. Judgment for Plaintiff against Defendants for the overtime payments due Plaintiff for the hours worked without proper compensation;
c. Liquidated damages against Defendants as set forth in 29 U.S.C. § 216(b);
d. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendants pursuant to 29 U.S.C. § 216(b); and
e. Any and all other relief the Court deems just and proper.

DATED this 9th day of August 2016.

**MATHESON & MATHESON, P.L.C.**

By: /s/ Michelle Matheson
Michelle R. Matheson, #019568
*Attorney for Plaintiff*